At a meeting of the next constitutional court of appeals, Mr. Marshall moved for leave to go into the consideration of his motion for the new trial, which was opposed by the Attorney-General, because the defendant was not present to abide the sentence of the court, in case the motion should be overruled ; and the rather because he had been admitted, *100 to bail before his trial, but as soon as he had heard the vei-diet against him, he had slipped out of court, and had since concealed himself. He observed, that the court had laid down a rule, not to hear any motion in arrest of judgment, or for a new trial, in any case where either imprisonment or infamous corporal punishment was to be awarded, unless the defendant, or person convicted, was. present and in custody of the sheriff, ready to suffer or abide whatever sen-: ience the court, after the final determination of the case, might think proper to inflict. For if this was not the uniform practice of the court, it was easy to foresee that every culprit who dreaded confinement, or other corporal punishment, would in every case move for a new trial, or in arrest of judgment, and if he was not within the four walls of a prison, he would speculate afterwards on the chances for or against him on the event of such motion, and appear or abscond, as it suited him. For it was well known there was nothing a man would not do, rather than suffer infamous punishment, and very few would submit to imprisonment if- he could get off. In the present case, our act of the legislature was a very severe one against offences of this kind, and inflicted the pillory, fine, and imprisonment. It was not discretionary in the court, to inflict the one or the other, as it thought proper ; but was imperative as to the whole ; though the time and the amount were left discretionary, yet the nature and quality of the punishment could not be altered or changed. Under those circumstances, he said, it would be trifling with the time and dignity of the court, to go into and determine such motions as the present, without the power of doing complete justice to the public as well as to the individual.
The court,
after consultation, was of opinion, that the rule of practice laid down in these kind of criminal cases, and which had been long acquiesced in, could not be dispensed with. That wherever corporal punishment was either pro« éable0 or certain, the defendant should be in the power o£ *101 the court before they proceeded to hear a motion of this hind, as the judgment of the court must be pronounced upon the determination of the question after argument, which might be a nugatory act, unless the party was in court to receive his sentence, and in the custody of the sheriff to have it carried into execution.
The court therefore refused to go into the argument, and directed the Attorney-General to proceed against the defendant and his sureties upon their recognisances ; and in the mean time, ordered a bench warrant to issue against the defendant upon his conviction, in order to have him apprehended and brought to final justice.
Present, Burke, Grimke, Waties and Bat.